IN THE CIRCUIT COURT OF THE 4th JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CASE NO.

JAMES WHITE,
individually and on behalf of all
others similarly situated,

          **CLASS ACTION**

    Plaintiff,

          **JURY TRIAL DEMANDED**

v.

VALIANT ACQUISITION CORP.,
d/b/a GUARDIAN AUTO SHIELD,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, James White, brings this class action against Defendant Valiant Acquisition Corp. d/b/a Guardian Auto Shield ("Guardian"), and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action under the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA").

2. Defendant is in the business of selling extended car warranties known as vehicle service contracts (or "VSC").

3. To promote its goods and services, Defendant engages in telephonic sales calls to consumers without having secured prior express written consent as required by the TCPA.

4. Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153 (39), and a called party in that he was the regular user of telephone number ***-***-6358 (the "6358 Number") that received Defendant's telephonic sales calls.

7. Defendant is, and at all times relevant hereto was, a foreign corporation and a "person," as defined by 47 U.S.C. § 153 (39), telephone solicitor. Defendant maintains its primary place of business and headquarters in Austin, Texas. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls to Florida residents without the requisite prior express written consent in violation of the TCPA. Plaintiff received such calls while residing in Florida.

10. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a foreign corporation doing business in this state; and (2) Plaintiff is a resident of Duval County, Florida. Additionally, Defendant directed or otherwise transmitted the calls at issue to Plaintiff's 6358 Number with an area code associated with this state and county.

## THE TCPA

11. The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology- for example, computerized calls dispatched to private homes-prompted Congress to pass the TCPA. "*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent ... and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

13. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

14. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service" where the implication of an improper purpose is '"clear from the context."' *Id.* (citing *Hasbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

3

15. "'Telemarketing'" occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan,* 788 F.3d at 820 (citing 47 C.F.R. § 64.1200{a)(2)(iii); 47 C.F.R. § 64.1200(f)(l2); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C. Red at 140981141, 2003 WL 21517853, at *49).

16. The FCC bas explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCP A. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Red. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future. Id.*

17. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCP A. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Red. 14014, ¶ 136 (2003).

18. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTS

19. On August 24 and September 13, 2021, Defendant made two telephonic sales calls to Plaintiff's cellular telephone number.

20. The August 24 call was an automated and unsolicited call.

4

21. On September 3, 2021, Plaintiff sent a letter to Guardian requesting to "receive no further calls from you or your partners." Plaintiff clearly revoked any consent to receive calls from Defendant. Regardless, Plaintiff never provided express written consent to Defendant in the first place. Despite Plaintiff's clear instructions not to receive calls on his cellular telephone, Defendant made another call to Plaintiff.

22. On September 13, 2021. Plaintiff received a ringless voicemail, leaving a prerecorded message.

23. The purpose of Defendant's telephonic sales calls was to solicit the sale of consumer goods and/or services.

24. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida.

25. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

26. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number.

27. Plaintiff is the sole user of the 6358 Number and is financially responsible for phone service to the 6358 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

28. Additionally, Plaintiff's 6358 Number has been registered on the National Do Not Call Registry since February 15, 2015, and on the Florida Do Not Call List since January 19, 2021.

29. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages and annoyance. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has

become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, forcing Plaintiff to divert attention away from Plaintiff's work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from Plaintiff's personal activities, Plaintiff also was forced to spend time investigating the source of the calls and who sent them to him. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".... "[A] small injury... is enough for standing purposes")

## CLASS ALLEGATIONS

### PROPOSED CLASSES

30. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **Prerecorded Class:** All persons within the United States who, within the four years prior to the filing of this Complaint: (1) Defendant, or anyone on Defendant's behalf, (2) placed a call using an artificial or prerecorded voice, (3) to said person's cellular telephone number, (4) encouraging the selling, purchase or rental of, or investment in, Defendant's property, goods, or services.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) for whom Defendant (a) did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

31.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

32.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

33.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

34.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members; [2] Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; and [3] Whether Defendant is liable for damages, and the amount of such damages.

35.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

36. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Prerecorded Class)**

40. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 39 of this Complaint as though fully stated herein.

41. It is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B).

42. Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

43. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

44. Defendant has, therefore, violated Sec. 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

45. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

9

47. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

48. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

49. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

50. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

51. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

### COUNT II
### VIOLATION OF THE TCPA
### 47 U.S.C. § 227
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

53. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 39 of this Complaint as though fully stated herein.

54. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

55. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [1]

56. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

57. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

58. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

11

59. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

60. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

   a) An order certifying this case as a class action on behalf of the Prerecord Class and the Do Not Call Registry Class as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

   b) An award of statutory damages for Plaintiff and each member of the Classes;

   c) Statutory damages of $500 per call in violation of the TCPA;

   d) Willful damages at $1,500 per call in violation of the TCPA;

   e) Statutory damages of $500 per call in violation of the Do Not Call Registry;

   f) Willful damages of $1,500 per call in violation of the Do Not Call Registry;

g) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Classes;

h) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

i) An injunction prohibiting Defendant's from calling telephone numbers assigned to the National Do Not Call registry without the prior express written consent of the called party;

j) Reasonable attorney's fees and costs; and

k) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

DATED: November 22, 2021

                        Respectfully Submitted,

                        **EDWARDS POTTINGER LLC**

                        */s/ Seth M. Lehrman*
                        Seth M. Lehrman (FBN 132896)
                        425 North Andrews Avenue, Suite 2
                        Fort Lauderdale, Florida 33301
                        Telephone: 954-524-2820
                        Facsimile: 954-524-2822
                        E-mails:   seth@epllc.com
                                             ecf@epllc.com
                                             iris@epllc.com

**EGGNATZ | PASCUCCI**
Joshua H. Eggnatz, Esq. (FBN 0067926)
Michael J. Pascucci, Esq. (FBN 0083397)
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: 954-889-3359
Facsimile: 954-889-5913
E-mails:   JEggnatz@JusticeEarned.com
           MPascucci@JusticeEarned.com
           sgizzie@justiceearned.com

*Counsel for Plaintiff*

14